UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL LEE X VANCE, <br><br> Plaintiff, <br><br> v. <br><br> THE GOVERNMENT OF THE UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL ACTION NO. 4:20-CV-02391 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a Complaint filed by *pro se* prisoner-Plaintiff Russell Lee X Vance (hereinafter referred to as "Vance") on December 21, 2020. (Doc. 1) In his Complaint, Vance seeks 40 acres of land which he states was granted to his emancipated African-American ancestors by General W.T. Sherman on January 16, 1865. (Doc. 1, at 3, 6). Vance seeks this remedy through the laws of replevin. (Doc. 1, at 3, 6). At the time he filed his Complaint, Plaintiff was incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"), located in Northumberland County, Pennsylvania. (Doc. 1, at 1).

The Court has conducted its statutorily-mandated screening of the Complaint in accordance with 28 U.S.C. § 1915A. For the reasons provided herein, the Court finds that it lacks jurisdiction over the claims alleged in the Complaint and grants Plaintiff leave to amend.

**I.    DISCUSSION**

    A. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). Because Plaintiff is a prisoner, 28 U.S.C. § 1915A applies. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief

beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

    B.  <u>Vance's Request Falls Outside the Court's Power</u>

Vance brings his claim pursuant to his rights under the laws of replevin. (Doc. 1, at 3, 5-6). Vance asserts that Defendant, through General Sherman, agreed to provide his ancestors 40 acres of land in 1865, and that this grant of land has yet to be perfected. (Doc. 1, at 3, 6). As for remedy, Vance requests that this Complaint be passed on to the United States Congress "so that they can consider my petition to have the 40 acres of land … returned to me in

accordance with the replevin nunc-pro-tunc laws, and also any money or monetary relief that the U.S. Congress may deem necessary." (Doc. 1, at 6) (edited for linguistic clarity).

The separation of powers integral to the United States Constitution disallows Vance's requested remedies.

> Federal Courts do have jurisdiction to pass upon the constitutionality of Acts of Congress, but we are not aware of any decision extending this power in Federal Courts to order Congress to enact legislation. To do so would constitute encroachment upon the function of a legislative body and would violate the time-honored principle of separation of powers of the three great departments of our Government.

*Smith & Lee Associates, Inc. v. City of Taylor, Mich.*, 102 F.3d 781, 797 (6th Cir. 1996).

Vance seeks to have his "petition" passed to Congress "so that they can consider" it. (Doc. 1, at 6). Vance also seeks the Court to order Congress to provide him any monetary relief it deems necessary. (Doc. 1, at 6). The judiciary's transmittal of this Complaint to Congress with the implication that Congress should act on it "would constitute encroachment upon the function of a legislative body." *See Smith & Lee Associates, Inc.*, 102 F.3d at 797. This remedy is not within the power of Federal Courts.[1] *See Smith & Lee Associates, Inc.*, 102 F.3d at 797.

Had Vance sought the Court's direct grant of his remedy, a grant of the land he seeks through an act of replevin, his claim would most likely continue to fail. Replevin actions against the United States are governed by the Federal Tort Claims Act ("FTCA"). *Germano v. U.S.*, 2015 WL 4138997, at *6 (D.N.J. 2015) (citing *Verma v. U.S.*, 19 F.3d 646, 647 (D.C. Cir. 1994). "Under the FTCA, a claim against the United States is barred unless it is presented to the appropriate federal agency 'within two years after such claim accrues.'" *Miller v.*

---

[1] Vance has the power to directly petition his Congressional representative to take the action he requests.

*Philadelphia Geriatric Center*, 463 F.3d 266, 270 (3d Cir. 2006). Accrual normally happens at the time of the injury. *Miller*, 463 F.3d at 271. Vance's cause of action is likely too remote in time to be considered timely. As such, if the Court had power to consider his claim, it still would likely fail.

C. LEAVE TO AMEND

Keeping in mind that a document filed *pro se* is "to be liberally construed" and further, that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Therefore, the Court will grant Vance leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. The amended complaint must consist of concise and direct statements alleging and describing a specific act(s) which, if true, establish violation(s) of Constitutional or Federal law. *See* 28 U.S.C. § 1331.

II. CONCLUSION

Based on the foregoing, the Court finds that it lacks jurisdiction over Vance's Complaint as it is currently plead. (Doc. 1). The Court grants Plaintiff leave to file an amended complaint within **30 days** from the date of the Order filed concurrently with this memorandum, or on or before **April 15, 2021**.

An appropriate Order follows.

**Dated: March 16, 2021**                                                         *s/ Karoline Mehalchick*
                                                                                                   **KAROLINE MEHALCHICK**
                                                                                                   **United States Magistrate Judge**